UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALAN D. BRIDGFORD,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,<br><br>Defendant. | Case No. 09-cv-0327-RSM-JPD<br><br>REPORT AND RECOMMENDATION |

## I.  INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff Alan D. Bridgford, proceeding *pro se*, is seeking judicial review of the initial determination of the Commissioner of the Social Security Administration ("Commissioner") finding him not disabled under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-33 and 1381-83f.  Before the Court is the Commissioner's motion to dismiss Plaintiff's complaint, under Federal Rule of Civil Procedure 12(b)(1), for failure to exhaust administrative remedies.  Dkt. No. 9.  As his apparent opposition to the motion, Plaintiff has only requested a hearing before the Court.  *See* Dkt. No. 11.  Based on the Commissioner's motion and supporting papers, the governing law, and the balance of the record, the Court recommends that the Commissioner's motion to dismiss Plaintiff's complaint for failure to exhaust

REPORT AND RECOMMENDATION
PAGE - 1

administrative remedies, Dkt. No. 9, be GRANTED and that Plaintiff's complaint be DISMISSED without prejudice.

## II. PROCEDURAL HISTORY

Plaintiff first contacted the Commissioner about applying for disability insurance benefits and supplemental security income in April 2008, and Plaintiff's applications for benefits are dated July 29, 2008. Dkt. Nos. 9-2, 9-3. The Commissioner issued his initial determinations denying Plaintiff's applications on November 18, 2008. Dkt. Nos. 9-4, 9-5.

The Commissioner's initial determination notices informed Plaintiff that he could appeal the adverse determinations by filing a written request for reconsideration within 60 days of receiving the notices. *Id.* Plaintiff never filed an administrative appeal. Dkt. No. 9-6 at 3.

On March 13, 2009, Plaintiff filed a complaint seeking judicial review of the initial determination of the Commissioner. Dkt. No. 4. Plaintiff alleges that he is disabled under the Social Security Act and that the Commissioner has violated the Ninth Amendment and the Supremacy Clause of the United States Constitution. Dkt. No. 4 at 2-3. Plaintiff provides no basis for the alleged constitutional violations. *Id.*

## III. DISCUSSION

A. <u>The Applicable Law</u>

A claimant obtains the Commissioner's "final decision" qualifying for judicial review only after completing the four steps of the administrative review process: (1) initial determination; (2) reconsideration determination; (3) hearing before an administrative law judge (ALJ); and (4) Appeals Council review. *See* 20 C.F.R. §§ 404.900(a), 416.1400(a). After the Appeals Council rules on a claimant's request for review, the claimant may request judicial review in a federal district court. 20 C.F.R. §§ 404.981, 416.1481.

A federal district court's review of claims arising under Titles II and XVI of the Social Security Act is limited, and may only occur after a "final decision" has been rendered by the Commissioner after a hearing before an ALJ. *See* 42 U.S.C. § 405(g); *Subia v. Commissioner*

*of Social Security*, 264 F.3d 899, 902 (9th Cir. 2001). A claimant's failure to exhaust his administrative remedies set forth in the Social Security Act deprives the district court of subject matter jurisdiction. *Bass v. Social Security Administration*, 872 F.2d 832, 833 (9th Cir. 1989). However, the district court may waive a claimant's failure to exhaust administrative remedies and grant him judicial review if he asserts a colorable constitutional claim. *Subia*, 264 F.3d at 902.

B. <u>Plaintiff Failed to Exhaust His Administrative Remedies</u>.

Here, Plaintiff failed to exhaust his administrative remedies because he completed only the first step in the administrative review process before filing a complaint for judicial review. Plaintiff obtained initial determinations which denied his applications for disability insurance benefits and supplemental security income, but he did not file a request for reconsideration. In other words, he failed to complete the last three steps in the administrative review process: reconsideration, ALJ hearing, and Appeals Council review. Accordingly, the Court lacks subject matter jurisdiction over Plaintiff's claims. *See* 42 U.S.C. § 405(g); *Subia*, 264 F.3d at 902; *Bass*, 872 F.2d at 833.

While a court may waive the administrative exhaustion requirement if a claimant asserts colorable constitutional claims, the mere assertion of a bare constitutional violation without supporting allegations does not constitute a colorable constitutional claim. *See Subia*, 264 F.3d at 902; *Klemm v. Astrue*, 543 F.3d 1139, 1144 (9th Cir. 2008). Here, Plaintiff's alleged violations of the Ninth Amendment and the Supremacy Clause are bare and unsubstantiated, and appear merely to be one and the same with Plaintiff's dispute with the Commissioner's denial of his claim for benefits. Accordingly, Plaintiff has not asserted a colorable constitutional claim, and the Court will not waive the administrative exhaustion requirement.

## IV. CONCLUSION

For the foregoing reasons, the Court recommends that the Commissioner's motion to dismiss Plaintiff's complaint for failure to exhaust administrative remedies, Dkt. No. 9, be GRANTED and that Plaintiff's complaint be DISMISSED without prejudice. Because the Court concludes that a hearing is unnecessary, the Court also recommends that Plaintiff's motion requesting a hearing, Dkt. No. 11, be DENIED.

DATED this 25th day of June, 2009.

/s/ James P. Donohue
JAMES P. DONOHUE
United States Magistrate Judge